IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA PARKER,

                Plaintiff,

    v.

AUTO-OWNERS INSURANCE COMPANY,
STIPAN ASCIC, TRANSOURCE LOGISTICS, INC.,
FLEXI-VAN LEASING, INC., HEALTHPARTNERS
INSURANCE COMPANY, UNITED HEALTHCARE
SERVICES, INC., STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, and
ARTISAN AND TRUCKERS CASUALTY COMPANY,

                Defendants; and

FLEXI-VAN LEASING, INC.,

                Third-Party Plaintiff,

    v.

BRIDGE CHASSIS SUPPLY, LLC,

                Third-Party Defendant.

OPINION and ORDER

19-cv-374-jdp

---

Plaintiff Linda Parker brought this lawsuit after she was injured in a traffic accident with a semi-truck. Dkt. 4. As the caption reflects, this case involves many defendants, but this order deals with only one: Flexi-Van Leasing, Inc. Parker seeks to hold Flexi-Van vicariously liable for the alleged negligence of defendants Stipan Ascic and Transource Logistics, Inc. and directly liable for its own alleged negligence in leasing a trailer with inoperable brakes. Dkt. 4, ¶¶ 71–78. Flexi-Van has moved to dismiss Parker's vicarious-liability claim, contending that it is barred by a federal statute limiting vicarious liability for companies that rent and lease motor

vehicles. Dkt. 36. But the statute does not bar vicarious liability against companies that have themselves been negligent, so the court will deny the motion.

ALLEGATIONS OF FACT

The court draws the following facts from Parker's amended complaint, Dkt. 4, which it accepts as true for the purpose of deciding Flexi-Van's motion to dismiss. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

In June 2017, Parker was injured when the vehicle she was driving was hit by a semi-truck driven by Ascic, an employee of Transource. The semi-truck consisted of a semi-tractor pulling a semi-trailer. Ascic owned the semi-tractor, but the semi-trailer—which had inoperable brakes—was owned by Flexi-Van, which had leased it to Transource. After the accident, Ascic admitted to law enforcement that he had been violating Wisconsin traffic laws.

ANALYSIS

Parker raises three causes of action against Flexi-Van: (1) a claim seeking to hold Flexi-Van vicariously liable for Ascic and Transource's conduct; (2) a claim accusing Flexi-Van of negligently leasing a semi-trailer with inoperable brakes to Transource; and (3) a claim accusing Ascic, Transource, and Flexi-Van of intentionally disregarding the rights of Parker and other drivers on the road by deciding to use and operate the semi-trailer. Dkt. 4, ¶¶ 71–80. Flexi-Van moves to dismiss Parker's vicarious-liability claim under Federal Rule of Civil Procedure 12(b)(6), relying on a federal statute known as the "Graves Amendment" that Flexi-Van says shields it from vicarious liability under state law.[1] If Parker has pleaded facts

---

[1] Flexi-Van directs its motion at Parker's first cause of action against it, which expressly seeks

2

that would show that the Graves Amendment bars her vicarious-liability claim, she will have pleaded herself out of court regarding that claim. *See McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Graves Amendment provides:

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). The parties agree that Flexi-Van is in the business of renting or leasing motor vehicles and that the Graves Amendment preempts Wisconsin negligence law regarding vicarious liability in the absence of negligence or criminal wrongdoing on the part of the owner.

Where the parties differ is in their interpretation of the scope of the statute's protection against vicarious liability. Flexi-Van's motion treats the statute as imposing as an absolute bar on any vicarious-liability claims against a company in the business of renting or leasing motor vehicles. Parker's motion treats it as allowing vicarious-liability claims against such a company

---

to hold Flexi-Van vicariously liable. But Flexi-Van says without elaboration that Parker's intentional-disregard claim "appears to assert claims for both vicarious liability and direct negligence" and contends that the Graves Amendment requires dismissal of any vicarious-liability claims that might be contained in that cause of action. Dkt. 36, at 4. Flexi-Van doesn't explain why it believes Parker's intentional-disregard claim asserts a claim for vicarious liability, and Parker doesn't clarify the issue in her response brief. But the court does not need to decide whether it does at this stage. Flexi-Van's motion would fail when directed at any vicarious-liability claims in Parker's intentional-disregard claim for the same reasons discussed in this opinion regarding her vicarious-liability claim.

3

if the plaintiff also alleges that the company has been negligent. Neither the Supreme Court nor the Seventh Circuit Court of Appeals appears to have applied or interpreted the Graves Amendment in this or any other context.

Interpretation of a statute begins with the statute's text, and it ends there if the text's meaning is plain. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). The process is a "holistic endeavor" that should account for the statute's full text as well as its punctuation, structure, and subject matter. *U.S. Nat. Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (quoting *United Savings Ass'n of Tex. V. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

District courts have adopted both parties' approaches when applying the Graves Amendment. Some courts follow Parker's approach, treating the statute as allowing vicarious-liability claims against a vehicle's owner if either of the statute's two conditions is not met—that is, an owner of a rented vehicle may be vicariously liable if either (1) the owner is not in the business of renting or leasing motor vehicles; or (2) the owner has been negligent or engaged in criminal wrongdoing. *See, e.g.*, *Johnson v. Alamo Fin., L.P.*, No. 6:09-cv-1768-Orl-19GJK, 2009 WL 4015572, at *3 (M.D. Fla. Nov. 19, 2009) (denying motion to dismiss vicarious-liability claim under Graves Amendment because plaintiff alleged that defendant had negligently maintained vehicle); *Colon v. Bernabe*, No. 07 Civ. 3369(AJP), 2007 WL 2068093, at *4 (S.D.N.Y. July 19, 2007) (plaintiff's allegation that vehicle owner had negligently maintained vehicle barred Graves Amendment preemption). Under this approach, the court would have to deny Flexi-Van's motion to dismiss, because Parker has accused Flexi-Van of direct negligence, *see* Dkt. 4, ¶¶ 22–24 and 75–78, and the court must take Parker's allegations as true on Flexi-Van's motion to dismiss.

At least one court, however, has adopted Flexi-Van's approach, treating the statute as imposing an absolute bar on vicarious-liability claims against motor-vehicle rental and leasing companies. In *Johnke v. Espinal-Quiroz*, No. 14-cv-6992, 2016 WL 454333 (N.D. Ill. Feb. 5, 2016), the court applied the Graves Amendment to multiple negligence claims against a company that had leased a trailer involved in an auto accident. The court divided the claims into three categories, dismissing all claims based solely on vicarious-liability theories, dismissing claims based on both vicarious liability and direct negligence to the extent they sought to impose vicarious liability, and refusing to dismiss claims based solely on direct negligence. *Id.* at *5–6. In other words, the *Johnke* court understood the Graves Amendment to allow only claims of direct negligence against motor-vehicle rental and leasing companies, which would require dismissal of Parker's vicarious-liability claims against Flexi-Van.

But *Johnke*'s approach is inconsistent with the plain language of the Graves Amendment, which says that a vehicle's owner is immune from vicarious liability if the statute's two conditions are satisfied. The statute does not give priority to either condition; instead, it places them on equal footing as items in a numbered list. *Johnke*'s approach would render the second condition superfluous, interpreting the statute to say that if the vehicle's owner is in the business of renting or leasing motor vehicles, it is immune from vicarious liability—regardless of whether the owner has been negligent or engaged in criminal wrongdoing. Because *Johnke*'s approach is not consistent with the Graves Amendment's text, the court will not adopt it. Instead, the court will treat both of the statute's conditions as equally necessary to immunize a vehicle's owner from vicarious liability. Parker has accused Flexi-Van of direct negligence, so the Graves Amendment's second condition has not been met, and the statute does not require dismissal of Parker's vicarious-liability claims.

5

Flexi-Van also relies on *Holder v. Suarez*, No. 3:CV-14-1789, 2016 WL 593620 (M.D. Pa. Feb. 12, 2016), which, like this case, involved the application of the Graves Amendment to a leased vehicle involved in a traffic accident. In *Holder*, the court found that the Graves Amendment barred the plaintiff's claims for vicarious liability against the owner of a leased vehicle. *Id.* at *17. But the case is not on point, as it was decided on a motion for summary judgment rather than on a motion to dismiss. The court granted summary judgment to the vehicle's owner under the Graves Amendment because, following discovery, the plaintiff had not produced any evidence that would show a genuine issue of material fact regarding the defendant's alleged negligence. *Id.*

Parker has alleged that Flexi-Van was negligent in leasing its trailer to Transource, an allegation that the court must accept at true on a motion to dismiss. Under the court's interpretation of the Graves Amendment, Parker's vicarious-liability claims against Flexi-Van are not preempted at the pleading stage. The court will deny Flexi-Van's motion to dismiss Parker's vicarious-liability claims.

ORDER

IT IS ORDERED that defendant Flexi-Van Leasing, Inc.'s motion to dismiss plaintiff Linda Parker's tenth cause of action, Dkt. 36, is DENIED.

Entered January 30, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge